IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAELA PERSICHINI and MATTHEW LAWLOR, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CIVIL DIVISION<br><br>No.: 2:21-cv-1775 |

## NOTICE OF REMOVAL

Defendant, Nationwide Property and Casualty Insurance Company ("Nationwide"), by and through its counsel, Robb Leonard Mulvihill, LLP, Bruce E. Rende, Esquire, and Joshua R. Guthridge, Esquire, hereby petitions the Court for removal of this action from the Court of Common Pleas of Mercer County to the United States District Court for the Western District of Pennsylvania and provides Notice of same to counsel representing the Plaintiffs, Michaela Persichini and Matthew Lawlor. In support of this Notice of Removal, the following is a statement:

1. Plaintiffs, Michaela Persichini and Matthew Lawlor ("Plaintiffs"), are adult individuals who reside in Mercer County, Pennsylvania. (Compl., ¶ 1, **Exhibits 1**).

2. Nationwide avers that Plaintiffs were citizens of Pennsylvania on February 23, 2021.

3. According to the Complaint, "Nationwide General Insurance Company is an Ohio corporation licensed to do business in the State of Pennsylvania." (Compl., ¶ 2, **Exhibits 1**).

4. Plaintiffs have not filed suit against "Nationwide General Insurance Company."

{R1267630.1 }

5. Rather, Plaintiffs filed suit against "Nationwide Property and Casualty Insurance Company." (Compl., generally, **Exhibits 1**).

6. Nationwide avers that it is an Ohio business entity with its principal place of business located in Columbus, Ohio.

7. Based on the allegations of the Complaint and this Notice of Removal, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332.

8. Plaintiffs commenced this action by filing a Complaint against Nationwide in the Court of Common Pleas of Mercer County, Pennsylvania at docket no. 2021-2828 on November 8, 2021 (the "Mercer County matter"). (A copy of all docket entries in the Mercer County matter are attached hereto as **Exhibits 1 - 4**).

9. Plaintiffs served the Complaint on November 15, 2021. (See Ex. A to Proof of Service, **Exhibit 2**); See also Pa. R.C.P. 403 ("Service is complete upon delivery of the mail.")

10. Because the Complaint was served on November 15, 2021, the filing of this Notice of Removal is timely. See 28 U.S.C.A. § 1446.

11. In the Complaint, Plaintiffs aver "the policy issued by the *Defendant*, which is believed to be policy no. 58373358209[1] was in force." (Compl., ¶ 5, **Exhibit 1**).

12. Plaintiffs attached a copy of policy no. 5837 J 358209 to their Complaint as Exhibit A ("The Policy"). (See Ex. A to Compl., **Exhibit 1**).

13. Despite the allegations in the Complaint that The Policy was issued "by the Defendant," The Policy clearly provides that it was issued by "Nationwide General Insurance Company." (See Ex. A to Compl., Your Policy Declarations, p. 3 of 4, **Exhibit 1**).

---

[1] As stated below, Plaintiffs attached policy no. 5837 J 358209 to their Complaint. It is believed that a typographical error was made in ¶ 5 of the Complaint and they intended to reference policy no. 5837 J 358209.

14. Plaintiffs' Complaint asserts four causes of action against Nationwide, Count I - breach of contract; Count II - statutory bad faith; Count III – defamation; and Count IV – intentional infliction of emotional distress. (Compl., **Exhibit 1**).

15. At each count, Plaintiffs demanded damages in excess of the arbitration limits of Mercer County, Pennsylvania. (Compl., addendum clauses, **Exhibit 1**).

16. At Count I, Plaintiffs claim they are "entitled under the policy to be reimbursed the full value of the vehicle at the time of the loss" and "other economic hardships including additional repair costs on other vehicles, additional mileage, borrowing of vehicles from family and friends delay, eventually having to purchase a replacement vehicle and inconvenience." (Compl., ¶¶ 58-59, **Exhibit 1**).

17. At Count II, Plaintiffs claim that they are entitled to " compensatory damages for the loss of the Jetta and the delay associated with the improper denial of the claim and the improper investigation," " damages for the emotional trauma and mental stress caused by the Defendant's improper and unfounded allegations of fraud," punitive damages in an amount sufficient to deter the Defendant from ever acting in such a manner again," and "attorney's fees." (Compl., ¶¶ 93-96, **Exhibit 1**).

18. At Count III, Plaintiffs claim that they have suffered harm, including "damage to reputation," "concern for legal threat or investigation," concerns about impact on professional and occupational relationships," and "mental stress and anguish." (Compl., ¶ 107, **Exhibit 1**).

19. At Count IV, Plaintiffs claim that they have suffered "severe emotional distress" and "physical symptoms, stress including sleeplessness, gastrointestinal problems, anxiety attacks and mood alterations." (Compl., ¶¶ 113-114, **Exhibit 1**).

20. Punitive damages and attorney's fees should be included in determining amount in controversy. *Valley v. State Farm Fire & Cas. Co.*, 504 F. Supp. 2d 1, 5 (E.D. Pa. 2006) citing *Suber v. Chrysler Cor.*, 104 F.3d 578 (3d Cir. 1997).

21. Punitive damages reasonably can be 3 to 4 times compensatory damages. *Id.*

22. Based on the allegations of the Complaint, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23. Nationwide shall give notice to all parties of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

24. A copy of this Notice of Removal will be filed with the Prothonotary at the Court of Common Pleas of Mercer County, Pennsylvania as required by 28 U.S.C. §1446(d).

Respectfully submitted,

ROBB LEONARD MULVIHILL LLP

Date: December 6, 2021

Bruce E. Rende, Esquire
Joshua R. Guthridge, Esquire
Attorneys for Defendant,
*Nationwide Property and Casualty Insurance Company*

{R1267630.1}

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice of Removal has been served via United States First Class Mail, postage prepaid, this 6th day of December, 2021, upon the following:

> David C. Brumfield, Esquire
> AlpernSchubert PC
> 310 Grant Street, Suite 2727
> Pittsburgh, PA 15219
> dbrumfield@alpernschubertlaw.com

Bruce E. Rende, Esquire

{R1267630.1}